**John SONG, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 04–3009.

United States Court of Appeals, Federal Circuit.

April 7, 2004.

William K. Olivier, Joyce G. Friedman, Principal Attorneys, Robert E. Kirschman, Jr., David M. Cohen, of Counsels, Washington, DC, for Respondent.

John Song, of Counsel, Sun City, CA, for Petitioner.

Before SCHALL, DYK, and PROST, Circuit Judges.

PER CURIAM.

Petitioner, John Song, appeals the Merit Systems Protection Board's ("the Board") decision dismissing his appeal. *Song v. Dep't of Veterans Affairs,* No. SF315H030078–I–1, 2003 WL 22053115 (M.S.P.B. Nov.26, 2002). Because the Board's decision was in accordance with law and was not arbitrary, capricious, an abuse of discretion, or unsupported by substantial evidence, we *affirm.*

Mr. Song was hired by the Department of Veterans Affairs ("DVA") on October 7, 2001, to work as a medical supply technician in the VA Long Beach Healthcare System. Mr. Song's appointment was ex-

pressly "subject to completion of [a] one-year initial probationary/trial/ period" ending October 6, 2002. (App. to Resp't's Br. ("R.A.") at 11.) On September 27, 2002, the DVA notified Mr. Song that he would "be separated from [his] position effective September 28, 2002, due to [his] unacceptable performance." (R.A. at 12.) This written notification of termination informed Mr. Song of his right to file a complaint with the Equal Opportunity Counselor at the VA Long Beach Healthcare System if he believed that the action was "based on discrimination because of race, color, religion, sex, national origin, age ... or handicapping condition," or to appeal the action to the Board if he believed it to be "based on [his] marital status, partisan political affiliation, or that it is not being taken under the proper procedural requirements." (R.A. at 13.)

Mr. Song filed an appeal with the Board on October 22, 2002, alleging that the termination action was in "retaliation for an EEO [Equal Employment Opportunity] complaint that [he] filed against his supervisor." (R.A. at 16.) On November 5, 2002, the administrative judge issued an acknowledgement order, stating that the Board likely did not have jurisdiction over Mr. Song's complaint because a probationary employee "may appeal only when you make a non-frivolous claim that your termination was based on partisan political reasons or marital status" and advising Mr. Song to discuss the possibility of settlement with the DVA. (R.A. at 19–20.) On November 15, 2002, the DVA filed a motion to dismiss Mr. Song's appeal for lack of jurisdiction. On November 20, 2002, Mr. Song's representative informed the Board that he withdrew the appeal because jurisdiction in the Board "would be highly unlikely" because Mr. Song was a probationary employee at the time of his termination. (R.A. at 25.) The Board granted Mr. Song's request to withdraw

his appeal on November 26, 2002, explaining that jurisdiction was indeed lacking. On December 29, 2002, Mr. Song requested full Board review of the November 26, 2002, decision, alleging that he had never been adequately trained by the DVA and that he had been sexually harassed while working for the DVA. The Board denied Mr. Song's petition on August 28, 2003. *Song v. Dep't of Veterans Affairs,* No. SF315H030078–I–1, 2003 WL 22053115 (M.S.P.B. Aug.28, 2003).

Mr. Song appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We must sustain the Board's decision unless it is "found to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000). Because the Board's decision was in accordance with applicable law and was not arbitrary, capricious, or unsupported by substantial evidence, we affirm.

On appeal, Mr. Song alleges that he was not trained properly, that his supervisor created a hostile work environment, and that he may have been terminated in retaliation for filing an EEO complaint against his supervisor.

The Board's precedent states that "an employee's withdrawal of an appeal is an act of finality that removes the appeal from the Board's jurisdiction, and ... the Board will not reinstate an appeal once it has been withdrawn in the absence of unusual circumstances such as misinformation or new and material evidence." *Brown v. Dep't. of the Navy,* 71 M.S.P.R. 451, 453–54 (1996). Mr. Song has never claimed that the Board's withdrawal order

was unwarranted; that he did not "comprehend the implications of [his] decision" to request withdrawal, *id.* at 454; or that his representative lacked authority to request withdrawal. Therefore, it was not an error for the Board to dismiss Mr. Song's appeal. Because we find that the Board properly dismissed Mr. Song's appeal, we need not decide the more difficult question of whether the Board had jurisdiction over Mr. Song's appeal in the first instance. We affirm the Board's decision.

### COSTS

No costs.